*J. G. BLINN v. CLAUDE M. RICKETT.

1. MOTION TO DISMISS SERVICE OR QUESTIONING JURISDICTION, NOT A GENERAL ENTRY OF APPEARANCE.

Where one upon whom personal service has not been made appears for the purpose of discharging or dismissing an insufficient service, or for the purpose of questioning the jurisdiction of the court over his person, and for no oher purpose, he does not thereby submit himself to the jurisdiction of the court upon the merits of the case.

2. NOT NECESSARY TO EXPRESSLY STATE THAT SUCH MOTION IS FILED FOR SOLE PURPOSE OF QUESTIONING COURT'S JURISDICTION, ETC.

Although it is the ordinary practice, in filing a motion to dicharge or dismiss an insufficient service, or to question the jurisdiction of the court over the person, to expressly state in the motion that the appearance is for no other purpose, it is not, however, necessary that such statement be made; and a motion of such character which omits such statement does not amount to a general entry of appearance.

3. MOTION HELD NOT TO BE GENERAL APPEARANCE.

A motion in the following form filed by a nonresident who has not been personally served with process, is not equivalent to a general appearance: "Now comes the defendant and moves the court to dismiss the attachment issued herein, for the reason that the affidavit upon which said attachment was issued is false, and the facts alleged therein untrue;" such a motion is one for a special purpose, and that only to question the jurisdiction of the court over the person.

ERROR to Lorain common pleas court.

**Fritz Rudin,** for plaintiff in error:

There was a sufficient seizure and possession of enough of the defendant's property to have given the magistrate jurisdiction to render judgment on the plaintiff's claim. *Reich* v. *Building Co.* 11 Dec. 418 (8 N. P. 234); *Davis* v. *Lewis,* 8 Circ. Dec. 772 (16 R. 138); *Leonard* v. *Lederer,* 8 Dec. 711; *Whitman* v. *Keith,* 18 Ohio St. 134.

Defendant was in court by his motion to discharge the attachment and the justice should have retained the case for hearing on its merits —after granting defendant's motion. *Long* v. *Newhouse,* 57 Ohio St. 348 [49 N. E. Rep. 79]; *Handy* v. *Insurance Co.* 37 Ohio St. 366; *Railway* v. *Morey,* 47 Ohio St. 207 [24 N. E. Rep. 269; 7 L. R. A. 701]; *C. C. C. & I. Ry.* v. *McLean,* 1 Circ. Dec. 67 (1 R. 112).

As an appearance for any purpose will be taken to be a general appearance unless the contrary appears. *Dunphy* v. *Manufacturing*

---

*For decision of common pleas, affirmed by this opinion, see Blinn v. Rickett, 15 Dec. 714.

Blinn v. Rickett.

*Co.* 11 Circ. Dec. 822 (21 R. 696); *Maholm* v. *Marshall,* 29 Ohio St. 611.

The justice also erred in not rendering his decision on the attachment at the close of the hearing on the motion to discharge the attachment instead of postponing his decision until the next day, as required by Lan. R. L. 10161 (R. S. 6579), which provision is mandatory. *Eaton* v. *French,* 23 Ohio St. 560; *Dunlap* v. *Robinson,* 12 Ohio St. 530.

**Clayton Chapman,** for defendant in error.

MARVIN, J. (Orally.)

The case of J. G. Blinn v. Claude M. Rickett, is a proceeding in error. The case was this: Plaintiff brought a suit against Rickett, before a justice of the peace, and filed his affidavit for an attachment; an attachment was issued and allowed. No personal service was had upon Rickett, and Rickett was not in court, except as he was brought in by the attachment, unless he is to be held to have made a voluntary appearance by facts which will be stated.

Rickett, the defendant, filed this motion before the justice of the peace:

"J. G. Blinn, plaintiff, v. Claude M. Rickett, defendant. Now comes the defendant, and moves the court to discharge the attacchment issued herein, for the reason that the affidavit upon which said attachment was issued is false, and the facts alleged therein untrue."

That motion was sustained, and the justice then proceeded to dismiss the action.

The error complained of is, not that he dismissed the attachment, but that he dismissed the action; because it is urged, that Rickett having made this motion, had submitted himself to the jurisdiction of the court, and the court therefore had jurisdiction of his person in the proceeding.

It is well settled, that where one upon whom service has not been made, appears for the purpose of discharging or dismissing an insufficient service, and appears for no other purpose, he is not to be held to have submitted himself to the jurisdiction of the court upon the merits of the case.

The ordinary form, as we all know is, in a case like that, to say:

"Now comes the defendant herein, and appearing for the purpose of this motion only, and moves the court."

If that is necessary in order to avoid submitting oneself to the jurisdiction, then Rickett did submit himself to the jurisdiction; but if

that is not necessary, he did not submit himself. As has been said, it is thoroughly well settled, that where one appears for the purpose of questioning the jurisdiction and for no other purpose, he does not submit himself to the jurisdiction. Must he in his motion say so, or is it sufficient for him to say by his motion, that he appears for nothing else? Is one to be said to have appeared for something else than that which he asks to have done? We think not. We think that this motion did not submit Rickett to the jurisdiction of the court over any matter in that case, except the one thing that he asked to have the court do; and we find authority in the supreme court of Kansas for that view, in the case of *Green* v. *Green,* 42 Kan. 654 [22 Pac. Rep. 730; 16 Am. St. Rep. 510]. The second clause of the syllabus reads:

"A motion to set aside a judgment in the following words, 'Now comes the defendant, Oliver Green, by his attorneys, Welch & Welch, and moves the court to set aside the judgment rendered on the first day of October, 1887, in favor of the plaintiff herein, for the reason that no proper service was had on the defendant, Oliver Green, in said suit,' is a special appearance only."

The court also cited the case of *Reynolds* v. *Fleming,* 30 Kan. 106 [1 Pac. Rep. 61; 46 Am. Rep. 86]. The 2 Enc. Pl. & Pr. lays down the general proposition which was stated at the beginning of what is now being said, as recognized by all, where one appears for a special purpose, and that only to question the jurisdiction, he does not submit himself to the jurisdiction. Whenever he asks to have the court pass upon any question connected with the merits of the case that moment he does submit himself to the jurisdiction.

The court of common pleas affirmed the justice of the peace in dismissing the action, and this court affirms the judgment of the court of common pleas.

**Winch** and **Henry, JJ.,** concur.