WILLIAM J. DAVISON, as Executor of the Last Will and Testament of MARY A. BROLLY, Deceased, Plaintiff, *v.* JAMES A. LYNCH et al., Defendants.

(Supreme Court, New York Special Term, April, 1918.)

Appearance — notice of — attorneys — civil rights of members of military and naval establishments in present war — service — pleading.

> While the appearance of an attorney appointed by the court pursuant to the act of Congress passed to protect the civil rights of members of the military and naval establishment in the present war may properly be noted at any stage of the proceeding, such an attorney has no right to serve a notice of appearance or an answer binding on the absentee, nor may the court award the attorney any compensation for his services, the rendition of which should be regarded as a patriotic duty.

MOTIONS to determine authority of attorney appointed by the court to represent defendant in military service and as to his compensation.

R. & E. J. O'Gorman, for plaintiff.

Goldsmith, Cohen, Cole & Weiss, for defendants.

GUY, J. Two questions arise on these motions: *First,* whether an attorney appointed by the court to represent and protect the interest of a defendant in the military service has a right to serve a notice of appearance for such defendant, and, *second,* whether the court should award compensation to such an attorney. 1. The act of Congress passed to protect the civil rights of members of the military and naval establishment in the present war distinguishes (§ 200, subd. 3) between an attorney " authorized " to represent a defendant in the military service and an

attorney appointed by the court "to represent a defendant and protect his interest." Subdivision 3 of the section referred to provides that if such a party to an action "does not personally appear therein or is not represented by an authorized attorney, the court may appoint an attorney to represent him. * * * But no attorney appointed under this act shall have power to waive any right of the person for whom he is appointed or bind him by his acts." It is evident therefore that while the appearance of an attorney appointed to protect the interest of a party in military service may properly be noted at any stage of the proceeding, such attorney has no right to serve a notice of appearance or answer binding upon the absentee. It may be added that even though an attorney be appointed in such a case the court may, if it subsequently appear that the defendant was prejudiced at any time within the period of military service or ninety days thereafter, open the default and allow the defendant to come in and defend, if it appear he had a meritorious defense. Further, whether an attorney be appointed or not, the court may require the plaintiff to give a bond to indemnify the defendant against any loss or damage he may sustain by the judgment. And the court may at any time grant a stay of proceedings or vacate any judgment, provided that the rights of a purchaser in good faith and for value under a judgment shall not be affected. 2. No provision is made by the laws of this state for compensation for services so rendered by an attorney, but every member of the bar should regard it as a patriotic duty to devote his best efforts to the protection of a defendant in the military service, regardless of compensation.

Motions granted.