196

DAVID H. M. WEYNBERG, as Substituted Trustee, etc., of WALTER
D. DAVIES, Deceased, etc., Plaintiff, *v.* JAMES J. DOWNEY and
Others, Defendants.

Supreme Court, Kings County, January 29, 1941.

*Smith & Weynberg*, for the plaintiff.

*Jacob Aks*, for the defendants.

FAWCETT, J.   The action is for mortgage foreclosure and one of
the defendants owning a quarter interest in the property is in
the United States military service.   Under section 200 of the
Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50,
Appendix, § 520), the court appointed an attorney to represent
this defendant " and protect his interest " as the law provides.
The question presented is whether the appointed attorney may
be awarded compensation for his services.   It is agreed that the
act does not specifically or expressly mention the matter of compensa-
tion, being similar in that respect to the act considered in *Davison*
v. *Lynch* (103 Misc. 311), and, as suggested in that case, an attorney
so appointed in time of actual war should regard it as a patriotic
duty to act regardless of compensation.   At the present time,
however, we are not in a state of war, and the applicable practice
or the analogous practice is that governing compensation to a
guardian *ad litem* (though the appointed attorney is not so called
in the act).   Thus, within the inherent power of the court, inde-
pendent of act or rule (*Weed* v. *Paine*, 31 Hun, 10; *Matter of Robin-
son*, 40 App. Div. 30, 32; affd., 160 N Y 448), the attorney is
allowed taxable costs in the action as an expense in the action.