WARREN COUNTY ORPHANS COURT.

## IN THE MATTER OF THE ESTATE OF MARSHALL COOL, DECEASED.

Decided March 12, 1941.

For the petitioner, *Claude E. Cook*.

ROSECRANS, C. P. J. The petitioner as executor has presented his account for confirmation and allowance, and proof has been submitted that due notice of settlement has been given to the several interested parties of both sexes in conformity with the statute and rule. No appearance was made either personally or by proctor by any of the interested parties except the petitioner. Nor did the petitioner file an affidavit relative to the military service of the interested parties pursuant to the Soldiers' and Sailors' Civil Relief act of 1940. October 17th, 1940, chapter 888, section 1, 54 *Stat.* p. 1178. (See *U. S. C. A., Tit.* 50 *App.* § 501, pam. February, 1941.) The applicability of this federal legislation to proceedings in the Orphans Court is the question.

The act of 1940 closely follows the wording of an earlier act passed in 1918. Synopses of cases in which judicial construction was given the act of 1918 are collected in *U. S. C. A. Tit.* 50, *p.* 178, &c., but no cited case bears upon this question. See, also, 130 *A. L. R.* 774 *anno.* The helpful "Manual of Law" compiled by the Committee on National Defense of the American Bar Association discloses no precedent and Mr. Joseph H. Edgar, chairman of the Committee

on National Defense of the New Jersey State Bar Association, acting as he does as an agency for clearing information with respect to the application of the act, has found the practice far from uniform. This matter affords opportunity to assemble the authorities and state the course which it seems should be followed.

By section 100, one purpose of the act in question is,

"For the temporary suspension of legal proceedings and transactions which may prejudice the civil rights of persons in such service."

Article II—General Relief, section 200 (1) provides in its first sentence as follows:

"In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service."

Is an interested party in the Orphans Court embraced within the meaning of the word "defendant" and does the petitioner have the status of a "plaintiff?" The authorities hold that a plaintiff is a person asking any relief by any form of proceeding (48 C. J. 1218) and that the term "defendant" includes any other party as distinguished from the plaintiff or complaining party, and means anyone who is a necessary party to a complete determination of the action (18 C. J. 459) ; Cf. rules of the Court of Chancery of New Jersey, No. 6; section 100, English Judicature act, 1873. Mr. Justice Holmes, in *Mason City, &c., v. Boynton*, 204 U. S. 570; 51 L. Ed. 629, construed the word "defendant" to include the land owner in a condemnation proceeding, he stating:

"And it is obvious that the word 'defendant' as there used is directed toward more important matters than the burden of proof or the right to open and close. * * * In condemnation proceedings the words 'plaintiff' and 'defendant' can be used only in an uncommon and liberal sense. The plaintiff complains of nothing. The defendant denies no past or threatened wrong. Both parties are actors: one to acquire title the other to get as large pay as he can."

The definition of a "judgment" as a final determination of the rights of parties includes decrees of equity and probate courts. 30 *Am. Jur.* 822, *tit. "Judgments"*, § 3. Since the federal act is for the purpose of protecting the rights of persons in military service and any judgment affecting the rights of such persons may be opened, stayed or vacated, a liberal construction should be accorded so that in probate court proceedings in default of any appearance by an interested party, either male or female, an affidavit as to military service should be filed or other action taken in accordance with the federal act. Only in that way will decrees import that finality to which all parties are entitled.

The required affidavit should as nearly as practical be made contemporaneously with the making and entry of the decree and set forth facts relating to the military service of the party as of the day of the judgment. Parenthetically, the decree should contain a recital as to the method of compliance with the act.

Consideration of the meaning of the phrase "any appearance" is sometimes required. The 1918 act used the words "an appearance" but in the 1940 act the phrase was broadened to read *"any* appearance." The word "appearance is defined in Webster's New International Dictionary (2d ed.) 1940, as meaning in law, "the coming into court of a party summoned in an action either by himself or by his attorney." Technically there are several different kinds and methods of appearance. See *Am. Jur. Appearances,* § 1, &c. A default of *any* appearance by the defendant means a default in any one of several ways of making an appearance. " 'Any' applies to every individual part without distinction." *Styles* v. *Freeholders of Union,* 50 *N. J. L.* 9, 11. A party's conduct as well as other circumstances are to be considered in determining whether he has actually appeared.

The federal act further provides that under certain circumstances the court may appoint an attorney to represent a party entitled to relief and may make such other and further order as may be necessary to protect the rights of such party under the act. Section 200 (1) and (3). An appointment should be made whenever question arises, so that the rights

of all parties may be protected. Ordinarily the services rendered by proctor and counsel so appointed are to be regarded as a patriotic duty for which no compensation would be expected by members of a profession deeply imbued by a sense of public responsibility. Certainly not as against a party in military service. However, in cases in which allowances are commonly made according to the usual probate practice, there seems no good reason why reasonable compensation should not be awarded. In equity practice counsel fees may be allowed independent of statutory authority "when the fund is in control of the court and is being there administered." *Shaffer* v. *Shaffer,* 129 *N. J. Eq.* 42, 44; 17 *Atl. Rep.* (2d) 780. It is recognized that "our probate practice is essentially equitable in character." *In re Kellner,* 121 *N. J. Eq.* 243, 247; 181 *Atl. Rep.* 91. And "the Orphans Court, within the sphere of its jurisdiction, is a court of equity." *In re Lonergan's Estate,* 303 *Pa.* 142; 154 *Atl. Rep.* 387. Some conflict of opinion prevails as to the extent of the statutory authority to allow counsel fees in the Orphans Court in other than will contests, but for a lucid analysis of the statute (*R. S.* 2:31-86) see the opinion of Vice-Ordinary Sooy, *In re Loudenslager,* 113 *N. J. Eq.* 418; 164 *Atl. Rep.* 426.

This matter will be held in abeyance pending compliance with the federal act in accordance with the views herein expressed.