## Heimbach v. Heimbach

*Henry Villa,* for libellant.
*Donald V. Hock,* for respondent.

HENNINGER, J., November 20, 1944.—In this divorce action, this court has not obtained jurisdiction over respondent and, therefore, cannot act upon the master's recommendation.

As the law now stands (other jurisdictional facts being present), jurisdiction over respondent may be obtained in three ways: (1) By personal service of the subpœna within this Commonwealth (section 27 of The Divorce Law of May 2, 1929, P. L. 1237, 23 PS §27) ; (2) by the entry of an appearance (section 31 of said act, 23 PS §31) ; and (3) by two returns of "non est inventus" and publication as prescribed by sections 28 and 29 of the same act, 23 PS §29.

Acceptance of service of papers by an attorney appointed (under the Federal Soldiers' and Sailors' Civil Relief Act of October 17, 1940, 54 Stat. at L. 1178) to represent a person in military service is not the equivalent either of personal service on respondent or of the entry of an appearance by an attorney for respondent. It simply serves as notice to the appointed attorney that he has a task to perform, that is, to protect the interests of the service man. We can by no means assume that his interests are being served by facilitating the entry of a divorce decree against him, and without authority from the service man the attorney can perform no further function. The situation is somewhat analogous to that of a person not sui juris for whom a guardian ad litem must be appointed. We have held that the appointment of such guardian is not a means of obtaining service upon the incompetent, but is effective only after service has otherwise been obtained: Kresge v. Arner, Guardian, 16 Leh. 391.

It is true that frequently the service man, being informed of the pendency of the suit, is willing to have an appearance entered for him and, if that is done of his own free will and in the absence of any collusion with libellant or her attorney or agent, such entry of

appearance gives the court full jurisdiction over respondent, whether or not he be a service man. Furthermore, where a service man submits to our jurisdiction by causing the entry of an appearance and does not desire a stay in the proceedings because of his absence in the service, the divorce may proceed to a decree.

We have allowed lawyers a wide discretion in the interpretation of their instructions from such service men as authority for the entry of an appearance for them. It must be understood, however, that in doing so these lawyers step out of the position they have accepted so generously and without hope of compensation as their contribution to the protection of service men. They then become their private attorneys, and the entry of an appearance becomes the personal responsibility of such attorneys, probably still serving the interests of such service men but in an altogether different manner than intended by the Civil Relief Act.

Libellant in this case seems to have a good cause of action for constructive desertion and, if service is properly obtained upon respondent, the case may proceed.