WILL OF EHLKE: WOLF and another, Appellants, vs. RAMLOW, Respondent.*

*September 14—October 16, 1945.*

---

* For the original opinion and report of this case, see 246 Wis. 654.

*Affeldt & Lichtsinn* for Mildred Wolf and *John M. Redford* for Harold Wolf, attorneys, and *Eldred Dede* of counsel, all of Milwaukee, for the appellants.

*Alfred Kay,* attorney, and *Ward Dunphy* of counsel, both of Milwaukee, for the respondent.

A brief *amicus curiæ* was filed by *Brooke Tibbs* of Milwaukee, chairman of the War Legal Service Committee, Milwaukee Bar Association.

FAIRCHILD, J. (*on rehearing*). Under order of the court on June 15, 1945, a rehearing was granted on the question of whether or not the trial court abused its discretion under the Soldiers' and Sailors' Civil Relief Act, 50 USCA, sec. 521, in refusing to grant a stay of proceedings because of the absence of Mildred and Harold Wolf in the armed forces of the United States.

While the court does not find reversible error in the record, it is considered that in the interests of justice, the objector to the probate of the will should be given an opportunity to have the issue of undue influence considered in connection with such testimony as Mildred Wolf and Harold Wolf may present and which has not already been submitted. There have been two trials of this matter and for that reason a new trial will not be granted.

*By the Court.*—The former mandate is vacated and the judgment reversed. The clerk is directed to remit the record for the sole purpose of enabling the trial court to hear the

testimony of the objector, Mildred Wolf and of Harold Wolf, persons in the armed services at the time of trial, and to reconsider the whole case in the light of such testimony and enter judgment accordingly. The court may receive evidence in rebuttal of any new matter presented by the testimony of the persons mentioned.

Costs to abide the event. Clerk's fees in this court to be paid by respondent.