82 So.2d 335

### Ocie V. BLANKENSHIP

v.

### Mary A. BLANKENSHIP.

8 Div. 773.

Supreme Court of Alabama.

Aug. 18, 1955.

Brewer & Coleman, Decatur, for appellant.

Britnell & McEntire, Decatur, for appellee.

GOODWYN, Justice.

On November 23, 1951, Mary A. Blankenship, appellee, filed a bill of complaint in the Morgan County Court, in equity, against her son Ocie V. Blankenship, appellant, to set aside and cancel a deed executed by her and her husband on October 1, 1942, conveying to appellant certain real estate located in Morgan County. At the time of filing the bill appellant was in the military service of the United States in Japan and service of the bill on him was effected by registered mail. The return receipt was received and filed in the register's office on December 28, 1951, and showed delivery of the summons and bill of complaint to appellant on December 14, 1951. On December 27, 1951, the following instrument was filed on behalf of appellant in said cause, viz.:

"Mary A. Blankenship, Complainant.  Morgan County Court of
              v.  Morgan County, Alabama,
Ocie V. Blankenship, Respondent.  In Equity.  No. ———

"State of Alabama
Morgan County.
    "Before me, the undersigned authority in and for the above named County, in said State, this day personally appeared J. W. Sherrill, Jr., the Solicitor for the above named Respondent, and upon being duly sworn, and says that he is informed and believes and upon such information and belief states that the said Ocie V. Blankenship, the respondent is now in the services of the Government of the United States of America, and that he is in the Armed Services of the United States at present, and that he is in Korea at this time, and that the respondent is unable to defend this suit at this time, and that the said respondent has a good and meritorious defense to this bill, and that he is unable to enter upon and advise his solicitor in the defense of this suit at this time. And that he is fighting at this time and was so fighting at the time that he received the notice of this suit.

    "Wherefore the respondent, Ocie V. Blankenship, by and through his Solicitor prays that this Court will either quash the Bill of Complaint in this cause, and the service made on this respondent, or continue this cause until the said Ocie V. Blankenship, has been discharged from the Armed Services of His Country, so that he can properly defend this suit. And the respondent, through his Solicitor hereby pleads the benefits of the Soldiers and Sailors Relief Act, that was enacted for the benefit of citizens of the United States or her Allies, in such cases as the respondent's.

                    "J. W. Sherrill, Jr.
                      Affiant.
                    "J. W. Sherrill, Jr.
                      Solicitor for Respondent.

"Sworn to and subscribed before
me, this the 27 day of December, 1951
        G. W. Norwood
            Justice of the Peace"

On April 24, 1952, appellee filed a motion to have the court "make and enter an order, judgment or decree appointing a licensed practicing attorney at law in the State of Alabama to represent and defend the interests of the respondent, Ocie V. Blankenship, in the above styled cause, and that his solicitor of record, John W. Sherrill, Jr., be given notice of the time, place and date of the hearing of this motion". It is stated in the motion that "complainant * * * is the mother of the respondent, Ocie V. Blankenship, that she is over 80 years of age, and that this suit involves real estate and the setting aside of conveyances from complainant to respondent, that time is the essence of this suit and should be expeditiously handled."

Hearing of the motion was set for May 8, 1952, and notice of the hearing was served on "John W. Sherrill, the solicitor of record of the defendant herein on this April 25, 1952."

Also, on April 24, 1952, appellee filed notice that submission of appellant's motion of December 27, 1951, would be asked at the hearing on May 8, 1952. Copy of this notice was served on "John W. Sherrill, the solicitor of the record for Ocie V. Blankenship the defendant herein" on April 25, 1952.

On June 13, 1952, a decree was rendered denying appellant's motion to quash or continue the cause. The decree contains the following findings by the trial court:

"The Court finds, upon a hearing of this cause, that the complainant is the Mother of the respondent, is over eighty years of age, and that the suit involves the setting aside of conveyances made by her to said respondent and it is alleged that a material part of the consideration of the conveyance was the agreement on the part of the respondent to support the complainant during her lifetime.

"The Court further finds from the evidence offered upon the hearing of said motion that the respondent, Ocie V. Blankenship, is a colonel in the National Guard, but at the time of the filing of the suit and at the time of the hearing of this cause on said motion, said respondent was assigned to and on duty at Camp Yokohama in Japan and was not in any combat service in Korea.

"The Court is of the opinion that time is the essence of this suit due to the age of the complainant and that undue hardship would not be visited upon said respondent by virtue of requiring this suit to be defended."

It is also recited in the decree that a copy of appellee's motion of April 24, 1952, and the order setting the hearing on May 8, 1952, was served on John W. Sherrill, "solicitor of record for Ocie V. Blankenship, respondent in this cause, and that the said John W. Sherrill appeared in open court upon the hearing of said cause on May 8, 1952"; and that "the court is of the opinion, after a consideration of the evidence in support of the motion to have counsel appointed to represent the respondent, Ocie V. Blankenship, and to require the cause to proceed, that said motion is well taken." In the decree, the court appointed Sherman B. Powell, a practicing attorney of Decatur, Morgan County, "to represent and defend the interest of the respondent, Ocie V. Blankenship, upon the hearing of this cause but without excluding any counsel that the said Ocie V. Blankenship may employ to represent him in said cause." A copy of the decree was delivered to the respondent on June 24, 1952, by registered mail, as directed in the decree. The decree further provided that respondent should "plead, answer or demur to the bill of complaint in this cause within thirty (30) days from the date this decree is enrolled." The appointed attorney accepted the appointment on June 14, 1952, and thereafter appeared for and represented the respondent. There is no indication that Mr. Sherrill took any further part in the case. On July 14, 1952, the appointed attorney demurred to the bill. The demurrer was overruled on October 10, 1952. The appointed attorney then answered the bill on October 14, 1952, denying its averments and demanding strict proof. Testimony

of appellee's witnesses was taken on December 19, 1952, by deposition. The appointed attorney was present and cross-examined the witnesses. No testimony was taken on behalf of appellant.

Final submission of the cause was had on March 10, 1953, and final decree rendered on March 13, 1953, granting relief to appellee.

On March 26, 1954, appellant filed a motion for "a rehearing in said cause and to set aside and vacate the final decree * * and to permit the respondent to answer the bill of complaint." The motion, as last amended, recites the following:

"1. That at the time the original Bill of Complaint was filed in said cause, the respondent was in the military service of the United States of America, stationed and serving in Japan; that he is now and has been since that time continuously a member of the armed forces of the said United States of America; that he is now stationed at Camp Rucker, Alabama.

"2. That the said Bill of Complaint was filed on November 23rd, 1951, and a copy thereof was sent to the respondent by registered mail, and the Register of said Court certified that he received a return receipt therefor on December 28th, 1951.

"3. That the respondent retained an attorney, the Honorable John W. Sherrill, Jr., a practicing attorney of Decatur, Morgan County, Alabama, for the purpose of securing a stay of proceedings, and for that purpose only, under the provisions of the Federal Soldiers' and Sailors' Civil Relief Act of 1940 (October 17, 1940, c. 888, Section 1, 54 Stat. 1178 [50 U.S. C.A.Appendix, § 501 et seq.]); that the said Mr. Sherrill did file his motion for a stay of proceedings in this cause under and by virtue of the provisions of said Act, and, upon hearing said motion, this Honorable Court overruled the same; Mr. Sherrill made no

further appearances and took no further action on behalf of the respondent.

"4. The Honorable Sherman B. Powell, a practicing attorney of Decatur, Morgan County, Alabama, was appointed guardian ad litem by the Court to represent and defend said action on behalf of the respondent, but the respondent never concurred in said appointment nor actively participated in the defense of said action and never authorized Mr. Powell to act for him.

"5. Following the appointment of Mr. Powell the Court proceeded to hear and determine the issues presented by the pleadings and upon the final hearing thereof granted the complainant the relief prayed for in the bill of Complaint.

"6. That said suit was filed for the purpose of setting aside and voiding a certain deed from the complainant and her husband, now deceased, to the respondent; the respondent does allege and aver that he was prejudiced by reason of his military service in making his defense thereto, and because of his said military service was prevented from being present and actively conducting and aiding in the defense of said suit; that the respondent has a meritorious and legal defense to said action for that the original bill of complaint alleges and maintains a failure of consideration for the said deed and alleges that the respondent as consideration for said deed did promise to support and maintain the complainant and her husband, now deceased, for the remainder of their natural lives, and the respondent does allege and aver that the allegations of the bill of complaint are untrue; that the true and only consideration for said deed was the love and affection of the complainant and her husband for the respondent, $1.00 cash and the further consideration that the respondent had cared for and provided for the complainant and her husband prior to and until the time of the execution of the aforesaid deed.

302

"7. That the respondent did provide for his parents, the complainant and her husband, now deceased, from 1928 until about 1942, and that in gratitude for his having provided for them, they executed the aforesaid deed, that no mention was made of future support and maintenance and indeed no promise of future support was made by the respondent, and same is not and was not a part of the consideration for said deed. The respondent does allege and aver that the foregoing facts constitute the consideration for said deed which was executed voluntarily by the complainant and her husband for the consideration named in said deed and in further consideration of his efforts on their behalf from 1928 to 1942, when he was their sole and only support.

"8. The respondent further alleges that the complainant, though aged, is in as good health as at the time of the filing of the original bill in said cause, and that to reopen said action and allow the respondent to appear and defend the same would work no greater physical hardship on her than she could have reasonably expected upon her original filing of said bill."

Hearing of the motion was had on April 9, 1954, and on April 23, 1954, a decree was rendered denying it.

On May 20, 1954, appellant took an appeal from the decree of April 23, 1954, denying his motion for a rehearing. Submission was had here on January 18, 1955, (1) on appellee's motion to dismiss the appeal, (2) on the merits, and (3) on appellant's petition for mandamus, which is sought in event of a holding that appeal is not appropriate. The trial judge acknowledged service of the petition for mandamus and waived further service or notice.

A threshold question is whether the decree of April 23, 1954, denying appellant's motion of March 26, 1954, is appealable. It is apparent that the motion was made pursuant to § 520, 50 U.S.C.A. Appendix, 54 Stat. 1180, subdivision (4) of which is as follows:

"(4) If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof. Vacating, setting aside, or reversing any judgment because of any of the provisions of this Act (said sections) shall not impair any right or title acquired by any bona fide purchaser for value under such judgment."

Our view is that the decree denying the motion, or application, was a "final" decree within the meaning of Code 1940, Tit. 7, § 754, and will support an appeal.

One question presented, an answer to which will determine this appeal, is whether appellant can now claim the benefits of § 520(4), supra. As we see it, the right to such benefits is dependent upon whether there was "a default of any appearance by the defendant" (appellant) in appellee's suit. Section 520(1), 50 U.S.C.A.Appendix, 54 Stat. 1180, supra. As stated by the Supreme Court of North Carolina in Lightner v. Boone, 228 N.C. 199, 45 S.E.2d 261, 262:

"The section of the Soldiers' and Sailors' Civil Relief Act of 1940, 54 Stat. 1180, 50 U.S.C.A.Appendix, § 520(4), upon which defendant relies, is limited by its express terms to judgments entered 'on a default of any appearance by the defendant'. 50 U.S.C.A.Appendix, § 520(1). Shaffer v. Shaffer, 69 Ohio App. 447, 42 N.E.2d

176; Reynolds v. Reynolds, 21 Cal.2d 580, 134 P.2d 251; In re Cool's Estate, 19 N.J.Misc. 236, 18 A.2d 714; Russ v. Russ, 68 Cal.App.2d 400, 156 P.2d 767; Sharp v. Grip Nut Co., 116 Ind.App. 106, 62 N.E.2d 774. * * *."

It is to be noted that the instrument which appellant's solicitor filed in the suit on December 27, 1951, prayed that the court "either quash the bill of complaint in this cause, and the service made on this respondent, or continue the cause." Was this within the term "any appearance" as used in § 520, supra? We are constrained to hold that it was. As stated in Stone v. Rudolph, 127 W.Va. 335, 32 S.E.2d 742, 745:

"It is well settled and no authority is needed for the proposition, that an appearance in a suit or action for any purpose other than one to test the jurisdiction of the court, or the sufficiency and service of a process, is a general appearance. The filing of an affidavit bearing on the contention that defendant was at that time engaged in the military service of the United States, was certainly not an appearance having anything to do with the jurisdiction of the court to try the action, or one having any bearing whatever on the legality of the service. * * *."

Appellant's insistence is that his appearance in the cause was strictly a special appearance for a limited purpose, and not a general appearance. But the benefits of § 520 are made to depend on an absence of *any* appearance, which includes a special as well as a general appearance. So, whether the appearance made was special or general is not material to the question. The meaning of the phrase was discussed in In re Cool's Estate, 19 N.J. Misc. 236, 18 A.2d 714, 716, 717, where it was said:

"Consideration of the meaning of the phrase 'any appearance' is sometimes required. The 1918 Act used the words 'an appearance' but in the 1940 Act the phrase was broadened to read 'any appearance.' The word 'appearance' is defined in Webster's New Int. Dict., 2d Ed., 1940, as meaning in law, 'the coming into court of a party summoned in an action either by himself or by his attorney.' Technically there are several different kinds and methods of appearance. See, Am.Jur., Appearances, § 1, etc. A default of any appearance by the defendant means a default in any one of several ways of making an appearance. '"Any" applies to every individual part without distinction.' Stiles v. Freeholders of Union County, 50 N.J.L. 9, 11, 11 A. 143, 144. A party's conduct as well as other circumstances are to be considered in determining whether he has actually appeared."

It is not disputed that the court had jurisdiction of both the subject-matter of the suit and of the parties. Nor is it disputed that appellant's solicitor was authorized to make the "special" appearance. Accordingly, we must hold that said appearance was such as to deny to appellant the benefits of § 520, supra. The decree of the trial court denying appellant's motion was free of error and is due to be affirmed. So ordered.

Motion to dismiss appeal denied; petition for mandamus denied; affirmed.

LAWSON, STAKELY, MERRILL and MAYFIELD, JJ., concur.