Robert J. MILLER, Appellant,

v.

Alan J. WERNER, Appellee.

No. 3085.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 15, 1962.

Decided Nov. 27, 1962.

Rehearing Denied Jan. 2, 1963.

John J. Spriggs, Jr., Washington, D. C.,
for appellant.

Herman Miller, Washington, D. C., for
appellee.

Before HOOD, Chief Judge, QUINN,
Associate Judge, and CAYTON (Chief
Judge, Retired) sitting by designation under
Code § 11–776(b).

CAYTON, Acting Judge.

Plaintiff appeals from an order vacating
an entry of default. Defendant's motion to
vacate, filed some seven months after the
default, was based on a claim of "excusable
mistake and/or inadvertence," under Rule
60(b) of the trial court, which rule imposes
a limitation of three months after judg-
ment for the filing of such motion.

Defendant asks us to rule that this
limitation did not apply to him because
there was no final judgment in the case.
But the records of the trial court show this
entry on the trial jacket: "Judgment for
Plaintiff, on ex parte proof, for $3,000.00,
with interest @ 6% per annum from date,
and costs, v. Alan J. Werner." There can
be no doubt that this was a final and formal
adjudication of plaintiff's claim against de-
fendant. True, it was followed by a rubber
stamped notation, "Judgment after Soldiers
and Sailors Affidavit." But at argument be-
fore this court his own counsel admitted
that defendant was not a member of the
armed services and was not injured or
affected by plaintiff's failure to file the af-
fidavit. Hence he cannot invoke the Sol-
diers' and Sailors' Relief Act to vitiate the
judgment or divest it of finality. Osbourne
·· United States, 2d Cir., 164 F.2d 767; Ab-

battista v. United States, D.C.N.J., 95 F. Supp. 679; In re Realty Associates Securities Corporation, D.C.E.D.N.Y., 53 F.Supp. 1015; Haller v. Walczak, 347 Mich. 292, 79 N.W.2d 622.

We note that it has been held that even a defendant actually in military service cannot invoke the Act where he had made an appearance in the case through counsel. Blankenship v. Blankenship, 263 Ala. 297, 82 So.2d 335. In this case defendant had counsel of record for some four months before the judgment was taken.

We have always adhered to a broad policy of favoring trial on the merits and relieving against defaults whenever possible. See Askew v. Randolph Carney Co., D.C.Mun.App., 119 A.2d 116. But when a defendant has so plainly placed himself beyond a mandatory time limitation he has no standing to demand that a case be reopened. Stated another way, this plaintiff is entitled to the benefits of his judgment.

Reversed, with instructions to reinstate judgment.