Hilliard FRANKLYN, II, Appellant,

v.

Nursey E. ELLIOTT and Imperial Insurance Incorporated, a corporation, Appellees.

No. 3080.

District of Columbia Court of Appeals.

Argued Dec. 10, 1962.

Decided Feb. 21, 1963.

---

1. Peyton v. District of Columbia, D.C. Mun.App., 100 A.2d 36, 37.

2. Hearn v. District of Columbia, D.C.Mun. App., 178 A.2d 434, 437.

Quentin W. Banks, Washington, D. C., for appellant.

Joel Savits, Washington, D. C., with whom Samuel Barker, Washington, D. C., was on the brief, for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

This is an appeal from an order denying a motion under Rule 60(b) to vacate a default judgment. The question here is whether the trial court correctly ruled that the motion was not timely filed.

Judgment after default was ordered on *ex parte* proof on December 14, 1961, and entry to that effect was made on the trial jacket. Thereafter appellees' counsel learned that the judgment had not been entered on the docket because the Soldiers and Sailors Relief affidavit filed in support thereof was incomplete. It appeared that oath to the affidavit had been made on December 14, 1961, before the trial court's clerk but the clerk had inadvertently failed to complete it. On this showing the trial court on January 30, 1962, ordered entry on the docket of the filing of the affidavit *nunc pro tunc* as of December 14, 1961.

On March 28, 1962, appellant moved under Rule 60(b) to vacate the default, alleging excusable neglect. If December 14, 1961, be considered the date the judgment was entered, the motion was untimely filed because of the three months' limitation of the rule. On the other hand, if January 30, 1962, be considered the date of the entry of the judgment the motion was timely.

We hold that December 14, 1961, was the effective date of the judgment with respect to any action taken under Rule 60(b). On that date, after default and after *ex parte* proof, the trial court ordered judgment. Failure to file the Soldiers and Sailors Relief affidavit did not prejudice appellant as he makes no claim that he was then a member of the armed services. Whether lack of the affidavit would prevent execution on the judgment we need not decide, but when the court ordered judgment against appellant and entry to that effect was made on the trial jacket, the time for appellant to take action under Rule 60(b) began to run, and the three months' limitation expired before the filing of his motion. See Miller v. Werner, D.C.Mun.App., 185 A.2d 723.

Affirmed.