UNITED STATES of America, Plaintiff,

v.

Ricky H. HENAGAN and Kathleen W.
Henagan, his wife, Defendants.

Civ. A. No. 81–593–N.

United States District Court,
M.D. Alabama, N.D.

Nov. 30, 1982.

John C. Bell, U.S. Atty. and Calvin C.
Pryor, Asst. U.S. Atty., M.D. of Ala., Mont-
gomery, Ala., for United States.

Dexter Hobbs, Copeland, Franco, Screws
& Gill, Montgomery, Ala., for defendants.

## ORDER

MYRON H. THOMPSON, District Judge.

This cause is now before the court on the
defendant Ricky H. Henagan's August 17,
1982, motion for allowance of attorney fees
to be taxed against the plaintiff United
States of America. For reasons which fol-
low, this court is of the opinion that the
motion is due to be denied.

### I.

On October 27, 1981, the plaintiff United
States of America filed suit against the
defendants Ricky H. Henagan and Kathleen
W. Henagan, a married couple, seeking
foreclosure on a mortgage on some property
owned by the Henagans. After service of
the complaint, the United States informed
the court that Mr. Henagan was in the
Armed Services and had failed to answer
the complaint within the time allowed by
the Federal Rules of Civil Procedure, and
the United States requested that this court
appoint an attorney to represent Mr. Hena-

gan pursuant to 50 U.S.C.A.App. § 520. In response to the United States' request, this court on December 16, 1981, appointed the Honorable Dexter Hobbs, an attorney, to represent Mr. Henagan. Mr. Hobbs immediately sought to have the proceedings in the case stayed. However, this court denied the stay request, after learning that Mr. Henagan was, in fact, within the continental United States and capable of adequately defending himself. Thereafter, the United States and Mr. Hobbs, after locating Mr. Henagan, entered into a stipulation of dismissal of this cause, with each party to bear its own costs, and this court pursuant to that stipulation entered an order dismissing this cause, with each party to bear its own costs.

Mr. Henagan, by his motion, now seeks from the United States recovery of attorney fees and expenses incurred in connection with Mr. Hobbs' unsuccessful pursuit of a stay.

## II.

Section 520 provides in part that:

In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment.

An attorney appointed for a serviceperson pursuant to section 520 is viewed as serving in a capacity similar to that of a guardian ad litem, since it is usually the case that the attorney is appointed to represent the interest of someone who cannot protect his or her interest; and further, it is usually the case that the person represented has neither employed the attorney nor consented to nor had knowledge of the attorney's appointment or rendition of services—that is, in the usual case the same reasons apply for the appointment and compensation of a section 520 attorney as for the appointment and compensation of a guardian ad litem. Therefore, as courts have held, fees and expenses incurred by a court-appointed section 520 attorney should be taxed by a court in the same manner as are those incurred by a court-appointed guardian ad litem. *In re Ehlke's Estate,* 250 Wis. 583, 27 N.W.2d 754, 758 (1947); *Heimbach v. Heimbach,* 53 Pa. D. & C. 350, 351 (1944); *Weynberg v. Downey,* 176 Misc. 196, 25 N.Y.S.2d 600 (1941); *In re Cool's Estate,* 19 N.J.Misc. 236, 18 A.2d 714, 715, 717 (1941).

Rule 17(c), Federal Rules of Civil Procedure, is the primary federal provision dealing with appointment of guardians ad litem. However, since this rule is silent on the issue of compensation and taxation of costs for such guardians, a federal court may, in its discretion, follow the policy of the forum state on the ascertainment and taxation of such costs, in the absence of contrary federal law. 3A Moore's Federal Practice, ¶ 17.26 at 17–283, ¶ 54.70[5] n. 28; 6 Wright & Miller, Federal Practice and Procedure, § 1570 at 778. Therefore, this court, being unaware of any reason not to follow the law of Alabama, now turns to Rule 17(d), Alabama Rules of Civil Procedure, which is the primary Alabama provision addressing this issue. Alabama Rule 17(d) provides that:

In all cases in which a guardian ad litem is required, the court must ascertain a reasonable fee or compensation to be allowed and paid to such guardian ad litem for his services rendered in such cause, to be taxed as a part of costs in such action, and which is to be paid when collected as other costs in the action, to such guardian ad litem.

**352**

*See also Lucas v. Lucas,* 258 Ala. 515, 64 So.2d 70, 74 (1953). Thus, following Alabama law, the costs of an attorney appointed pursuant to section 520 should be taxed according to Alabama Rule 17(d), that is, should be taxed as a part of the costs of the cause of action.

Mr. Henagan, by his motion, would now have this court tax the fees and expenses of his section 520 attorney, after their ascertainment, to the United States, a taxation which as already noted is done as a part of court costs under Alabama law. In the instant case, however, the parties stipulated that each party was to bear its own costs, and pursuant to this stipulation this court entered a final judgment with the provision that each party was to bear its own costs. This being the case, any costs which Mr. Henagan has as a result of the appointment of his section 520 attorney should be borne by Mr. Henagan, not the United States.

Accordingly, for the above reasons, it is ORDERED that the motion for allowance of attorney fees to be taxed against the plaintiff United States be and it is hereby denied.