562 A.2d 1302

**Florine Michelle DORSEY**

v.

**Charles Timothy McCLAIN.**

**No. 1788, Sept. Term, 1988.**

Court of Special Appeals of Maryland.

Sept. 5, 1989.

Daniel Q. Mahone (Willie J. Mahone, on the brief), Frederick, for appellant.

Mark D. Thomas (Karen J. Krask and Miles & Stockbridge, on the brief), Frederick, for appellee.

Argued before GARRITY, ALPERT and POLLITT, JJ.

GARRITY, Judge.

This appeal emanates from an order of the Circuit Court for Frederick County (Dwyer, J.), directing the appellant, Florine Michelle Dorsey, to pay attorney fees and expenses incurred on behalf of the appellee, Charles Timothy McClain, a Sergeant in the United States Army. McClain's counsel was appointed by the chancellor pursuant to Section 520(3) of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. App. § 520(3) (1982) (hereinafter Section 520) in response to an action to increase child support brought by Dorsey. In a case of first impression, we shall consider whether the chancellor erred in failing to apply the provisions of Md.Fam.Law Code Ann. § 12–103 (1984, 1988 Cum. Supp.) (hereinafter Fam.Law § 12–103) before ordering Dorsey to pay fees and expenses incurred by McClain's court-appointed Section 520 counsel.

### Background

Dorsey and McClain are the parents of a son, who is now six years-of-age.[1] While Dorsey and the child reside in

---

1. McClain was determined to be the father in a paternity action brought on behalf of Dorsey, who was indigent.

Maryland, McClain, during the pendency of the proceedings below, was stationed in Georgia. The attorney appointed to represent McClain contacted him and was instrumental in fashioning a consent order which provided, *inter alia*, that McClain would increase the amount of child support from $200 to $300 a month.

Upon conducting a hearing on the petition of McClain's court-appointed counsel for attorney fees and expenses, the chancellor, relying on *obiter dictum* in *United States v. Henagan*, 552 F.Supp. 350, 351 (1982), ordered that Dorsey pay attorney fees and expenses on the ground that the award was governed by guardian *ad litem* principles of the forum state, Maryland. In making this determination, the chancellor declined to apply the provisions of Fam. Law § 12–103.

## Discussion

Dorsey urges that the chancellor erred in ordering her to pay attorney fees and expenses incurred by McClain's court-appointed counsel. The crux of Dorsey's position is that, although McClain's counsel was appointed pursuant to Section 520, the provision's silence regarding the payment of attorney fees and expenses required the chancellor to find that the criteria enumerated in Fam. Law § 12–103 were satisfied before assessing the fees and expenses against her.

Section 520(3) provides:

In any action or proceeding in which a person in military service is a party if such party does not personally appear therein or is not represented by an authorized attorney, the court may appoint an attorney to represent him; and in such case a like bond may be required and an order made to protect the rights of such person. But no attorney appointed under this Act to protect a person in

military service shall have power to waive any right of the person for whom he is appointed or bind him by his acts.

Thus, under certain detailed circumstances, an attorney may be appointed to represent a person in military service. Neither Section 520(3) nor any other provision of the Soldiers' and Sailors' Civil Relief Act, however, makes any mention, either specifically or impliedly, regarding compensation of a court-appointed counsel.[2]

As previously noted, the holding in *United States v. Henagan*, 552 F.Supp. 350 (M.D.Ala.1982), by virtue of its federal nature, was relied upon by the chancellor in reaching his decision to assess the attorney fees and expenses against Dorsey that were incurred by McClain's Section 520 counsel. In *Henagan*, the underlying action was a suit by the United States against a serviceman and his wife, seeking foreclosure on a mortgage. In response to a request by the government, the court appointed Section 520 counsel to represent Mr. Henagan. Thereafter, the government and Mr. Henagan entered into a stipulation which provided, *inter alia*, for the dismissal of the underlying foreclosure action. Mr. Henagan subsequently moved for recovery from the government of attorney fees and expenses incurred by his Section 520 counsel in connection with his attorney's unsuccessful pursuit of a stay. In ruling upon Mr. Henagan's motion, the hearing judge observed:

An attorney appointed for a service-person pursuant to Section 520 is viewed as serving in a capacity similar to that of a guardian ad litem, since it is usually the case that the attorney is appointed to represent the interest of someone who cannot protect his or her interest; and further, it is usually the case that the person represented has neither employed the attorney nor consented to nor

---

**2.** The issue was not raised in this appeal, and we do not construe Section 520(3) as necessarily precluding a chancellor from requiring a military person to pay the fee of the attorney appointed to represent him or her. Surely, Congress did not intend that the attorney serve without compensation.

had knowledge of the attorney's appointment or rendition of services—that is, in the usual case the same reasons apply for the appointment and compensation of a Section 520 attorney as for the appointment and compensation of a guardian ad litem. Therefore, as courts have held, fees and expenses incurred by a court-appointed Section 520 attorney should be taxed by a court in the same manner as are those incurred by a court-appointed guardian ad litem. *In re Ehlke's Estate*, 250 Wis. 583, 27 N.W.2d 754, 758 (1947); *Heimbach v. Heimbach*, 53 Pa.D. & C. 350, 351 (1944); *Weynberg v. Downey*, 176 Misc. 196, 25 N.Y.S.2d 600 (1941); *In re Cool's Estate*, 19 N.J. Misc. 236, 18 A.2d 714, 715, 717 (1941).

*Id.* at 351. Following the guardian *ad litem* law of the forum state (Alabama), the court concluded that attorney fees and expenses incurred by an attorney appointed pursuant to Section 520(3) "should be taxed as a part of the costs of the cause of action."[3]

We perceive that the *Henagan* court's analogy between a court-appointed Section 520 attorney and a guardian *ad litem* was made in the absence of any provision of the law of the forum state specifically applicable to the assessment of attorney's fees in a mortgage foreclosure action. On this ground, however, we are cognizant that the scenario presented in *Henagan* is quite dissimilar from that presented in the matter at bar. Specifically, we observe that the underlying suit in the case *sub judice* was an action to increase child support. In Maryland, the parameters within which attorney's fees and expenses may be awarded in an action concerning the support of a child have been clearly set forth by the General Assembly in Fam. Law § 12–103 which provides, in pertinent part, as follows:

(a) *In general.*—The court may award to either party the costs and counsel fees that are just and proper under all the circumstances in any case in which a person:

---

**3.** Even if the court here were to award the fees and expenses as "costs" under Md. Rule 2–603, those fees and expenses would ordinarily be awarded to the prevailing party.

(1) applies for a decree or modification of a decree concerning the custody, support, or visitation of a child of the parties;  or

(2) files any form of proceeding:

    (i) to recover arrearages of child support;  or

    (ii) to enforce a decree of child support.

(b) *Required considerations.*—Before a court may award costs and counsel fees under this section, the court shall consider:

(1) the financial status of each party;

(2) the needs of each party;  and

(3) whether there was substantial justification for bringing or defending the proceeding.

In *Presley v. Presley*, 65 Md.App. 265, 280, 500 A.2d 322 (1985), a case involving the continuation of support payments on behalf of a mentally handicapped adult child, we viewed this statute as making a person seeking child support payments a privileged suitor.  We held, however, that while such a person was not necessarily "entitled" to counsel fees and court costs as a matter of right, the court should exercise its discretion liberally in favor of the "privileged suitor" when considering the enumerated factors of the statute.

With respect to the assessment of attorney fees and expenses incurred by a court-appointed Section 520 attorney in an action concerning the support of a child, the legislature's enactment of Fam. Law § 12–103 renders the application of guardian *ad litem* principles inappropriate.  By enacting this provision, the General Assembly mandated, without exception, the criteria a chancellor must consider before making an award of attorney fees and expenses in any child-support action.  We hold that the chancellor erred in assessing Dorsey attorney fees and expenses incurred by McClain's counsel without first considering the factors delineated in Fam. Law § 12–103.

JUDGMENT REVERSED;  COSTS TO BE PAID BY APPELLEE;  CASE REMANDED TO THE CIRCUIT

COURT FOR FREDERICK COUNTY FOR FURTHER
PROCEEDINGS CONSISTENT WITH THIS OPINION.