OLIVER GREEN v. HARRIET F. GREEN.

1. JURISDICTION — *Special Appearance*. A special appearance to contest the jurisdiction of the court does not give the court jurisdiction of the defendant. (*Branner v. Chapman*, 11 Kas. 118.)

2. APPEARANCE, *Special Only*. A motion to set aside a judgment in the following words, "Now comes the defendant, Oliver Green, by his attorneys, Welch & Welch, and moves the court to set aside the judgment rendered on the 1st day of October, 1887, in favor of the plaintiff herein, for the reason that no proper service was had on the defendant, Oliver Green, in said suit," is a special appearance only.

3. ——— *Case, Followed*. The case of *Reynolds v. Fleming*, 30 Kas. 106, followed.

*Error from Shawnee District Court.*

THIS action was commenced on the 20th day of June, 1887, in the district court, by *Harriet F. Green* against *Oliver Green*, to obtain a divorce. She filed two affidavits, upon which she attempted to make service by publication. This service was defective, and not sufficient for the purpose of the statute.

Although the defendant did not appear by answer or otherwise, judgment was rendered on the 1st day of October, 1887, against him. On the 3d day of October, 1887, Oliver Green filed a motion to set aside the judgment, a copy of which motion, omitting caption, is as follows:

"And now comes the defendant, Oliver Green, by his attorneys, Welch & Welch, and moves the court to set aside the judgment rendered on the 1st day of October, 1887, in favor of the plaintiff herein, for the reason that no proper service was had on the defendant, Oliver Green, in said suit.

OLIVER GREEN, *Defendant.*

By WELCH & WELCH, his Attorneys."

Upon the hearing of this motion, on October 12, 1887, the court sustained the same, and set aside the judgment, but held that the appearance of Welch & Welch as attorneys for Oliver Green was a general appearance, and thereupon gave the defendant ten days in which to answer. On the same day one of the firm of Welch & Welch filed an affidavit in the court, in relation to their appearance, of which the following, omitting caption, is a copy:

"C. M. Welch, of lawful age, being duly sworn on oath, deposes and says: That the firm of Welch & Welch, as attorneys for the special motion and for no other purpose, filed a motion in this cause on October 3, 1887, of which the following is a copy:

"'*In the District Court of Shawnee County, State of Kansas.*—HARRIET F. GREEN, Plaintiff, *v.* OLIVER GREEN, Defendant.—And now comes the defendant, Oliver Green, by his attorneys Welch & Welch, and moves the court to set aside the judgment rendered herein on the 1st day of October, 1887, in favor of the plaintiff herein, for the reason that no proper service was had on the defendant, Oliver Green, in said suit.

OLIVER GREEN, *Defendant.*

By WELCH & WELCH, his Attorneys.'

"That the attorneys, Welch & Welch, appeared for no other purpose than the motion to set aside the judgment as set forth herein; and that they had no authority to appear other than for the purpose of setting aside said judgment; and further affiant saith not. C. M. WELCH.

"Subscribed in my presence and sworn to before me, this 12th day of December, 1887.

[Seal.] W. E. STERNE, *Clerk.*

By I. S. CURTIS, *Deputy Clerk.*"

Oliver Green did not file any answer as required by the district court, and neither he nor his attorneys made any further appearance. The affidavit of C. M. Welch was not called to the attention of the court until after the judgment hereinafter mentioned. On the 16th day of January, 1888, the court again rendered judgment in favor of Harriet F. Green against Oliver Green, for a divorce; the court reciting in its judgment that Oliver Green had failed to answer or demur to the petition. On the 17th day of January, 1888, the defendant, Oliver Green, filed his motion to set aside the last judgment, a copy of which, omitting caption and signature, is as follows:

"Now come Welch & Welch, attorneys for Oliver Green, defendant, and for the purpose of this motion, and this motion only, move the court to set aside the judgment ordered in this case in favor of the plaintiff on the 16th day of January, 1888, on the ground the same is void and was rendered without jurisdiction of the court."

The court overruled this motion. The defendant excepted, and brings the case here.

*Welch & Welch*, for plaintiff in error.
*John T. Bradley*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The first question we are called upon to consider is, whether the motion which was filed by Oliver Green on October 3, 1887, and decided October 12, 1887, was a special or general appearance in the action. If the appearance of a party, though called special, is upon other than jurisdictional grounds, it is a general appearance. (*Burdette v. Corgan*, 26 Kas. 104.) So, if a motion contests the service only and does not go beyond jurisdictional grounds, it is a special or limited appearance. The motion was presented to set aside the judgment of October 1, 1887, on the ground solely that no proper service had been made upon the defendant. By the motion, the defendant, Oliver Green, made a special

appearance only.    This motion did not give the court juris-
diction over the person of the defendant, nor authorize the
court to require him to answer or plead.    When the plaintiff,
Harriet F. Green, obtained her judgment on the 16th day of
January, 1888, there was on file in the district court, among
the papers of the cause, the affidavit of C. M. Welch showing
that the firm of Messrs. Welch & Welch had no authority
from Oliver Green to appear generally for him, and that their
authority in the case was limited to the special motion filed.
It is true that the attention of the district court was not called
to this affidavit, but that was not the fault of the defendant.
Harriet F. Green might have called the court's attention to
this affidavit.    She took her judgment at her peril, and as the
district court had no jurisdiction over the person of the de-
fendant, the judgment is void and must be set aside. (*Reynolds
v. Fleming,* 30 Kas. 106.)    In that case it was said:

"In this state it is held that a judgment rendered without
jurisdiction is void; that a personal judgment rendered with-
out notice to the defendant is rendered without jurisdiction,
and is consequently void; that a judgment void for want of
notice may be set aside, on a motion made therefor by the de-
fendant; and that this may be done in cases where it requires
extrinsic evidence to show the judgment was rendered with-
out notice and without jurisdiction."

As to what constitutes a special appearance, see *Branner v.
Chapman,* 11 Kas. 118; *Simcock v. National Bank,* 14 id.
529; *Bentz v. Eubanks,* 32 id. 321.

The judgment of the district court will be set aside, and
the case remanded for further proceedings.

All the Justices concurring.