**Norman BARTNER, Plaintiff,**
v.
**Madeline DEBIASSE and Louis Patrick Debiasse, Jr., Defendants.**
**Civ. A. No. 17154.**

United States District Court
E. D. New York.
May 17, 1957.

Harry H. Lipsig, New York City, for plaintiff.

Lawless & Lynch, New York City, for defendant, Louis Patrick Debiasse, Jr., by Richard D. Marks, Brooklyn, of counsel.

BYERS, District Judge.

This is a defendant's motion to dismiss for lack of jurisdiction over the person of the only defendant who was served, namely Louis Patrick Debiasse, Jr.

The action is to recover damages for personal injuries said to have been sustained by the plaintiff while a passenger in an automobile driven in the State of New Jersey on November 19, 1956, by the said defendant.

The first paragraph of the complaint is deemed to allege that the defendants are residents of the State of New Jersey and that the plaintiff is a resident of New York.

Process was served upon the said defendant in New Jersey on December 27, 1956, not within the jurisdiction of the court; there is no controversy over that fact.

The plaintiff urges that there has been in effect a general appearance on the part of the defendant, and thus that the jurisdictional defect has been waived.

No general appearance has been made or filed, nor has an answer been interposed.

An extension of time "to answer or otherwise move" was embodied in a stipulation dated February 13, 1957, which was the second such extension arranged between the attorneys.

There are sundry decisions to the effect that the procuring of such a stipulation by a defendant similarly situated, is the equivalent of a general appearance, and submission to the jurisdiction of the court, among them being: Placek v. American Life, D.C., 288 F. 987; Brookings State Bank v. Federal Reserve, D.C., 291 F. 659; Mitchell v. Carborundum, D.C., 7 F.R.D. 523.

However, a defendant so appearing does not waive his rights to assert lack of jurisdiction over his person, in view of Rule 12, F.R.Civ.P. 28 U.S.C.A. See: Orange Theatre Corp. v. Rayherstz etc., 3 Cir., 139 F.2d 871, certiorari denied Orange Theatre Corp. v. Brandt, 322 U.S. 740, 64 S.Ct. 1057, 88 L.Ed. 1573. Thus (in 139 F.2d at page 874), after stating that Rule 12 has abolished for the federal courts the distinction between special and general appearances, the opinion states:

> " * * * A defendant need no longer appear specially to attack the court's jurisdiction over him. * * * If the defense of lack of jurisdiction of the person is not raised by motion before answer or in the answer itself it is by the express terms of paragraph (h) of Civil Procedure Rule 12 to be treated as waived, not because of the defendant's voluntary appearance but because of his failure to assert the defense within the time prescribed by the rules. We conclude that within the time allowed for serving the answer the defendant may assert this defense unless he has waived it by some action other than his voluntary appearance."

The plaintiff's citation of Collins v. American, etc., 2 Cir., 230 F.2d 416, is not understood. The court does not discuss the question of jurisdiction over Duffy, the alleged tort-feasor, since it was not presented for decision; the opinion does remark that the defendant insurance company is doing business in New York.

The rule announced in the Orange Theatre case will be followed, as it was in the Southern District of New York, in Birnbaum v. Birrell, D.C., 9 F.R.D. 72, which means that the defendant's motion is granted.

Settle order.