683 P.2d 304

**Kathryn A. SKATES, Plaintiff/Appellee,**

v.

**Joseph D. STOCKTON, Jr.,
Defendant/Appellant.**

**No. 2 CA–CIV 4908.**

Court of Appeals of Arizona,
Division 2.

March 13, 1984.

Mary Anne Peters, Tucson, for plaintiff/appellee.

Manuel H. Garcia, Tucson, for defendant/appellant.

## OPINION

BIRDSALL, Chief Judge.

This appeal is from the order of the trial court denying the appellant's motion to va-

cate a default judgment. The superior court action was a paternity suit in which the appellee, Kathryn A. Skates, alleged that the appellant, Joseph D. Stockton, Jr., was the father of her child.

The complaint contains no allegations which would constitute a basis for personal jurisdiction of the appellant. The appellee says that the child was conceived in Africa and born in Germany. Subsequently the mother and child established residence in Tucson. The appellant was served with the summons and complaint in London where he was on active military service with the U.S. Marine Corps. Service was purportedly pursuant to the provisions of Rule 4(e)(2), Rules of Civil Procedure, 16 A.R.S., Arizona's "long arm statute". Nothing suggests that the appellant caused an event to occur in Arizona. Cf. *Backora v. Balkin*, 14 Ariz.App. 569, 485 P.2d 292 (1971).

Upon receiving notice of the action on July 1, 1981, the appellant consulted a legal assistance officer in the London office, Marine Capt. G.B. Roberts, who, by coincidence only, was also a member of the State Bar of Arizona. Capt. Roberts then sent the following letter to the clerk of the superior court and a copy to appellee's attorney:

"County Clerk
Superior Court
Pima County
Tucson, Arizona 85700
        RE:   Skates v. Stockton, Jr.
                 No. 195288

Dear Sir:

As a legal assistance officer for this office, I have recently been consulted by Sergeant Joseph D. STOCKTON, jr. USMC, the defendant in the above referenced action.

Please be advised that Sergeant Stockton is presently on active military service with the United States Marine Corps. I have advised him of the protection afforded him by the Soldiers' and Sailors' Civil Relief Act of 1940 (50 USC App 501–590), and he wishes to avail himself of those protections. Sergeant Stock-

ton's presence on military duty in London, England, 'materially affects his ability to conduct his defense,' to this action, in the words of Section 521 of the Act. Accordingly, Sergeant Stockton respectfully requests this action be stayed until his return to the United States when he can take leave to see that his interests are protected. It is anticipated this will not be prior to January 1982, which is his normal projected rotation date for reassignment.

This letter is in no way intended to be an appearance or answer in the action or to be a waiver of his protections under the Act.

Thank you for your attention to this matter.

                 Yours truly,
                 (signature)
                 G.B. Roberts
                 Capt. USMC
                 Legal Assistance Officer

Copy To:

Mary A. Peters, Attorney for Plaintiff"

The letter was filed in the pending action on July 15. However, no order was ever made either granting or denying the request for a stay.

Upon receiving her copy of the letter, appellee's counsel waited, taking no action in the case until December 19, 1981. At that time she filed an Affidavit on Default and Affidavit Re Military Service and the clerk of court entered the appellant's default. In her affidavit counsel averred that no answer had been served and the time had elapsed since service on the appellant, "and since said defendant's return to U.S.A. on or before November 24, 1981, per his general appearance seeking stay until said return". She also averred that the appellant was in the military service.

After this default entry the appellee gave notice by mail to the appellant at an address in Cheyenne, Wyoming, of her intent to take default judgment. The notice was mailed January 5, 1982, and notified the appellant that the judgment would be taken on January 15. The appellant took

no action upon receiving this notice. This notice was required by Rule 55(b)(1) if the appellant had appeared in the action. Judgment was entered on January 15 declaring the appellant to be the father and ordering support and attorney fees. This was an in personam judgment and is voidable unless the appellant had submitted himself to personal jurisdiction.

A copy of the judgment was mailed to the appellant upon its entry. Since he made no support payments, the appellee, in August 1982, obtained an order to show cause which was eventually set for hearing October 18. On October 8 the appellant, by present Tucson counsel, filed a "special appearance" and a motion to dismiss for lack of personal jurisdiction. Since judgment had been entered the motion was treated as a motion to vacate pursuant to Rule 60(c).

■ The only arguments to the trial court concerned whether the letter from Capt. Roberts was an "appearance". At first the trial court held it was not and granted the appellant's motion. Upon reconsideration that ruling was set aside and the motion denied thus leaving the judgment undisturbed. We agree that the letter constituted a general appearance whereby the appellant submitted to personal jurisdiction. *See Lightner v. Boone,* 222 N.C. 205, 22 S.E.2d 426 (1942), aff'd 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587, reh. den. 320 U.S. 809, 64 S.Ct. 26, 88 L.Ed. 489 (1943); *Blankenship v. Blankenship,* 263 Ala. 297, 82 So.2d 335 (1955); *Vara v. Vara,* 14 O.O.2d 261, 171 N.E.2d 384 (Ohio Com.Pl.1961); *Stone v. Rudolph,* 127 W.Va. 335, 32 S.E.2d 742 (1944). In an article appearing in Military Law Review, these and other cases are collected. The author summarizes that the courts have consistently held when a serviceman makes an appearance he is no longer entitled to the benefits of section 520 of the act and that in every recorded instance attempts to characterize appearances as "special" to contest jurisdiction have failed. Chandler, *The Impact of a Request for Stay of Proceedings Under the Soldiers' and Sailors' Civil Relief Act,* 102 Military L.Rev. 169 (1983).

The fact that the letter requests affirmative relief also supports the finding that it was an appearance. *See McClintock v. Serv-Us Bakers,* 103 Ariz. 72, 436 P.2d 891 (1968); *Austin v. State ex rel. Herman,* 10 Ariz.App. 474, 459 P.2d 753 (1969).

Our decision is complicated by the lack of any order either granting or denying the stay. If such an order had been entered then the appellant would have been required to act accordingly—either by questioning the denial or proceeding after the stay expired. The better practice when such a letter is received by the clerk would be to refer it to a judge for consideration. It would also be better practice for the opposing counsel to secure a ruling on the stay request rather than voluntarily delaying any action.

■ However, in this case the appellant is not entitled to Rule 60(c) relief on any basis because of his unexplained and inexcusable delay in moving to have the default and/or the default judgment set aside. The rule requires that a motion be filed at least within a reasonable time. Here the appellant had notice of the complaint in July 1981. His letter asked for a stay until his return to the United States, anticipated to be January 1982. He actually returned in November 1981. He received notice of the appellee's intent to take a default judgment in January 1982. A copy of the judgment was mailed to him that month. During all of this time he did nothing. Not until October 1982, when confronted with an order to show cause, did he take any action to protect his interests. That action was not within a reasonable time.

Affirmed.

HATHAWAY and HOWARD, JJ., concur.