Rexford Charles KRAMER, Appellant,

v.

Ramona Yvonne Alden KRAMER,
Appellee.

No. 08-83-00182-CV.

Court of Appeals of Texas,
El Paso.

March 14, 1984.

Darrell F. Smith, Midland, for appellant.

Max Christenson, Odessa, for appellee.

Before STEPHEN F. PRESLAR, C.J.,
and OSBORN and SCHULTE, JJ.

OPINION

SCHULTE, Justice.

This is an appeal from a judgment of divorce and custody. We reverse and remand for a new trial.

The parties are both members of the United States Navy. They last cohabited as husband and wife in Guantanamo Bay, Cuba. There is no evidence the couple ever lived together in Texas or that Appellant has ever been in the state. The child of the marriage was not conceived or born in Texas, has never lived in Texas nor has Appellant ever lived in Texas with the child. In fact, the child has been continuously with Appellant since November 25, 1981, when the parties permanently separated. A later separation agreement dated June 6, 1982, in writing, provided for Appellant to have custody of the child. Appellee filed the divorce suit in Ector County on November 2, 1982, alleged her residence in Texas and Ector County for the required periods, recited that Appellant was a non-resident of Texas and that service could be had on him

at a Fleet Post Office Address in Norfolk, Virginia. On January 21, 1983, Appellant was served with a "Notice to Serve Non-Resident Defendant." At that time he was on his way back to Guantanamo Bay under military orders and was served at a stop-over in Virginia. On February 1, 1983, from Cuba, Appellant wrote the clerk of the district court in which the divorce was filed regarding his inability to appear and answer because of his military status. The Appellee filed her affidavit in the case stating that her husband was in the Armed Forces. Both the letter and the affidavit were before the court. The court appointed an attorney ad litem for Appellant some minutes before trial was to begin. The attorney had no opportunity to discuss the matter with Appellant or to communicate with him before trial, and voiced a continuing objection to the matter proceeding.

Appellant urges the court erred in overruling his motion for new trial in that the court lacked jurisdiction over Appellant to decree the divorce, jurisdiction over Appellant and the child to decree custody and jurisdiction to divide property outside the state. We have considered the supplemental briefs of the parties. By his supplemental brief, Appellant urges the applicability of the Soldiers' and Sailors' Civil Relief Act, infra, as he did in his post trial motions that were overruled by the trial court. From our review, we believe the trial court did have jurisdiction to dissolve the marriage. Tex.Fam.Code Ann. sec. 3.26 (Vernon 1975). However, even as to that issue, the action should have been stayed. Further, as hereinafter discussed, the service of citation on Appellant was insufficient to give the court personal jurisdiction over the Appellant. Nor do we believe the letter from Appellant to the clerk of the court constituted an answer and appearance. Furthermore, we do not agree with Appellee that Appellant has waived the Soldiers' and Sailors' Civil Relief Act.

■ Acquiring jurisdiction over a nonresident respondent in a divorce is covered by Tex.Fam.Code Ann. sec. 3.26 (Vernon Supp.1982), and in regard to the parent-child relationship, Tex.Fam.Code Ann. sec. 11.051 (Vernon Pamphlet Supp.1984). The only portion of either of these sections pertinent here is the general one regarding "any basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction." This reduces itself to a consideration of "minimum contacts." The court may exercise personal jurisdiction only so long as there exists minimum contacts between the defendant and the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In this case there are not only no minimum contacts but no contacts.

■ As stated, we do not regard the letter from Appellant as an answer and appearance, but rather as an application to stay the proceeding under the Soldiers' and Sailors' Civil Relief Act of 1940. That act at 50 U.S.C.A. Appendix sec. 521, provides in pertinent part:

At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as a plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person ..., be stayed as provided in this Act, unless, in the opinion of the court, the ability of ... the defendant to conduct his defense is not materially affected by reason of his military service.

The record is silent as to any evidence and the judgment does not recite that "the ability of ... the defendant to conduct his defense is not materially affected by reason of his military service." The burden was on Appellee to establish such evidence. See *Roark v. Roark*, 201 S.W.2d 862, (Tex. Civ.App.—Dallas 1947, no writ). Furthermore, it does not appear from the record that Appellant ever received notice of the date of trial.

■ It was not shown by the record that the property divided by the court was situated within the jurisdiction of the court. In fact, a part of the property divided was in the States of Virginia and Florida, and it is

clear that the child was in Cuba. In the absence of personal jurisdiction over Appellant, the court may not enter any order binding on both parties regarding division of property outside the state nor decree the managing conservatorship of a child. *Fox v. Fox,* 559 S.W.2d 407 (Tex.Civ.App.—Austin 1977, no writ). In *Comisky v. Comisky,* 597 S.W.2d 6 (Tex.Civ.App.—Beaumont 1980, no writ), where there was no personal jurisdiction over the wife in a divorce filed by the husband, it was held that the trial court had no jurisdiction to adjudicate conservatorship where the marriage was not celebrated in Texas, the children were not before the court, and there was no proof the children had ever been to Texas. In the case before us, there is no evidence that the marriage was celebrated in Texas or that the child had ever been to Texas. It is clear the child was not before the court, that the court did not have personal jurisdiction over the Appellant and that there was no evidence that any of the property divided was in the state. Appellant's points of error are sustained.

The judgment is reversed and the cause remanded for a new trial for the reasons stated and in the interest of justice. The cause shall be abated in accordance with the Soldiers' and Sailors' Civil Relief Act, supra.