(832 P.2d 349)
No. 66,673

In the Matter of the Marriage of ELIZABETH A. THOMPSON (RUSS), *Appellee*, and DAVID M. THOMPSON, *Appellant*.

Opinion filed May 1, 1992.

*Deryl W. Wynn* and *Gregory P. Goheen*, legal intern, of McAnany, Van Cleave & Phillips, P.A., of Kansas City, for appellant.

*Marcus B. Potter, Jr.,* of Kansas City, for appellee.

Before PIERRON, P.J., DAVIS and LARSON, JJ.

LARSON, J.: David M. Thompson appeals from the trial court's denial of his K.S.A. 60-260(b) motion to set aside the child support order of his 1982 divorce decree.

David contends the trial court (1) never obtained in personam jurisdiction over him sufficient to support a child support judgment, (2) failed to give him the required due process notice of the hearing, and (3) violated the provisions of the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C. §§ 501 *et seq.* (1988), when the child support order was entered.

Although appellant contends the arguments should be limited because certain documents were not made a part of the record, the documents were examined by the trial court during the legal arguments on the motions, and we will consider them as well. The dates are significant, and we set forth the following chronology of events.

December 1976. Elizabeth Thompson (now Russ) and David were married in their home state of California immediately after he enlisted in the Army.

1977-1979. The parties resided in California and Washington. Two children were born to the marriage.

September 1980. David received orders to report to an Army post in Germany. Elizabeth and the children remained with David's parents in Virginia until finances would permit their move.

Thanksgiving 1980. David discovers Elizabeth and the children have moved to her mother's home in Kansas City, Kansas.

December 1981. Elizabeth filed a divorce petition in Wyandotte County, Kansas. No attempt at service of summons, either personal, by mail, or by publication, is made.

March 4, 1982. A letter from Raymond D. Wixom, assistant staff judge advocate, to Judge Dean Smith points out David's military service; states it is not an appearance on David's behalf; states David wishes to retain counsel and demonstrate lack of in personam jurisdiction; and states David is entitled to a stay pursuant to the Soldiers' and Sailors' Civil Relief Act.

March 9, 1982. A letter from David to Judge Smith states he has received a copy of the temporary orders and requests a stay of proceedings under the Soldiers' and Sailors' Civil Relief Act; recognizes his obligation concerning support and states he is pres-

ently providing a $250 per month military allotment for the support of his children; states he wishes to be present but cannot do so because of military training; states he does not have an attorney; and requests a stay until August 15, 1982, so that he may retain counsel or appear on his own behalf.

August 26, 1982. The trial court holds a hearing granting a divorce and entering a child support order of $250 per month. David is stated to appear "by way of his Entry of Appearance." *No motion for default is filed, no notice of this hearing is served on David, and no consideration is given to David being in the military service.*

May 5, 1983. A letter from assistant staff judge advocate Wixom to the Wyandotte County Administrative Judge on David's behalf states it is not an entry of appearance; states David did not receive summons to appear; states David did not know the terms of the divorce until April 1983 when his commander received a copy of the divorce decree from Elizabeth; states under the Soldiers' and Sailors' Civil Relief Act David is entitled to have all orders vacated and a stay granted until he leaves the military in September of 1983; and states that $250 per month will be paid by government allotment for child support.

May 31, 1983. The administrative judge refers Wixom's letter to the trial judge for such response as is deemed necessary. No response is made.

1990. Elizabeth, now a Florida resident, seeks to enforce the child support order of the Kansas divorce decree in California, where David resides.

February 5, 1991. David moves to set aside the child support order of August 26, 1982, claiming it is void, that the Kansas court never had in personam jurisdiction over him, that notice of the August 26, 1982, hearing was never given to him, and that the provisions of the Soldiers' and Sailors' Civil Relief Act were violated.

April 1991. David's motion is denied. A motion to reconsider is filed, and this motion is denied.

May 1991. David appeals.

David argues the failure to comply with statutory requirements for service of process renders the child support order void, his rights under the Soldiers' and Sailors' Civil Relief Act were vi-

olated, and he is entitled to set aside the child support order under K.S.A. 60-260. David also claims he did not receive any notice of the August 26, 1982, hearing in which the child support order was entered.

Elizabeth counters by arguing the trial court properly ruled David's March 9, 1982, letter constituted a voluntary entry of appearance, giving the Wyandotte County District Court in personam jurisdiction. She claims David's requested relief under the Soldiers' and Sailors' Civil Relief Act was granted. She contends the decree is valid and the K.S.A. 60-260 motion was not brought within a timely fashion.

We will not reach David's lengthy background jurisdictional argument in which he contends *Kulko v. California Superior Court*, 436 U.S. 84, 56 L. Ed. 2d 132, 98 S. Ct. 1690 (1978), is authority for the required finding that there are insufficient facts to satisfy in personam jurisdiction over David in Kansas. We do not question the authority cited, but to us the issue raised boils down to two essential questions: (1) Did David make a general appearance in the district court of Wyandotte County, Kansas, by virtue of his letter of March 9, 1982? If no entry of appearance was made, the record is clear that no attempt was ever made at service of summons, and it logically follows that no jurisdiction was ever obtained over David upon which any order could be entered. If the letter is held to constitute an entry of appearance, then a second issue is raised. (2) Is the fact that David was never given the required notice under K.S.A. 60-255 a sufficient ground for us to declare the child support order to be without legal effect?

*Did David's letter constitute a voluntary appearance?*

"An appearance may be defined as an overt act by which a party comes into court and submits himself to its jurisdiction, and is his first act therein." *Sharp v. Sharp*, 196 Kan. 38, Syl. ¶ 1, 409 P.2d 1019 (1966).

Although it was important historically whether an appearance was general or special, see *Green v. Green*, 42 Kan. 654, 22 Pac. 730 (1889) (special appearance to contest jurisdiction does not give jurisdiction over the defendant); *Hanson v. Hanson*, 86 Kan. 622, 122 Pac. 100 (1912) (an appearance other than to challenge jurisdiction waives all defects and confers jurisdiction without

service of summons), such a procedural distinction has now lost its significance. The distinction was abolished by K.S.A. 60-212(b). *Haley v. Hirshberger,* 207 Kan. 459, 465, 485 P.2d 1321 (1971).

A party may now plead to the merits and at the same time contest jurisdiction over his person. *Small v. Small,* 195 Kan. 531, 538, 407 P.2d 491 (1965).

"A defendant need no longer appear specially to attack the court's jurisdiction over him. The defense of lack of jurisdiction of the person is waived only when it is not raised by motion or in the answer itself. . . . The defense is then waived not because of defendant's voluntary appearance, but because of the failure to assert the defense within the time prescribed by the rules." 207 Kan. at 465.

Because an objection to a court's personal jurisdiction must be made in a party's first pleading, we must scrutinize the pleading first filed to determine if the party has properly contested the court's personal jurisdiction. A person may be found to have consented to jurisdiction by filing a motion requesting temporary relief. 1 Elrod, Kansas Family Law Handbook § 9.022, p. 9-14 (rev. ed. 1990).

Professor Robert Casad in Casad, Jurisdiction in Civil Actions § 3.01[5][a], pp. 3-46 to -47 (2d ed. 1991) teaches us that "[a] motion for a continuance or for a stay or extension of time in which to plead usually will be a general appearance." In *Skates v. Stockton,* 140 Ariz. 505, 683 P.2d 304 (Ct. App. 1984), it was held that a letter sent by a legal assistance officer to a clerk of the court on behalf of a soldier defendant who was overseas and wished to avail himself of the Soldiers' and Sailors' Civil Relief Act was a general appearance.

*But,* in *O'Neill v. O'Neill,* 515 So. 2d 1208 (Miss. 1987), it was held that a nonresident husband's motion for a continuance under the Soldiers' and Sailors' Civil Relief Act, submitted prior to filing any other pleadings and specifically stating that the husband was not making an appearance, was not a general appearance so as to confer personal jurisdiction over the husband in a divorce proceeding. The Mississippi Supreme Court quoted 2A Moore, Taggart & Wicker, Moore's Federal Practice ¶ 12.12 (2d ed. 1987), which states: " 'Obtaining extensions of time and taking depositions before answering have been held not to constitute a

waiver of the defenses of the lack of jurisdiction of the person and the proper venue.'" 515 So. 2d at 1211.

It was important to the court in *O'Neill* that the serviceman's counsel filed Rule 12(b)(1) and (2) motions to dismiss. Mississippi followed *Orange Theater Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871 (3d Cir. 1943), and *Bartner v. Debiasse*, 20 F.R.D. 355 (E.D.N.Y. 1957), in holding the motion amounted to no more than an application for a stay of the proceedings and did not prohibit a subsequent claim of lack of jurisdiction.

Another similar case is *Kramer v. Kramer*, 668 S.W. 2d 457 (Tex. App. 1984), which held that a letter to the clerk of the court regarding the inability of a serviceman to appear and answer was not an appearance, but rather an application to stay the proceedings under the Soldiers' and Sailors' Civil Relief Act. In *Kramer*, the spouse desiring the divorce filed an affidavit stating the defendant was in the Armed Forces. The court appointed a guardian ad litem just minutes before the trial began who had no opportunity to discuss the matter with the military member and voiced a continuing objection. Without personal jurisdiction, the court's orders regarding division of property outside of the state were declared invalid.

With this brief background as to how jurisdiction may be obtained without the proper service of summons, we turn to our specific problem, which is how to characterize and treat the two letters written to the court in March of 1982.

We do not deem it critical that David's letter made no mention of an appearance not being made. This was clearly stated on David's behalf in the letter from assistant staff judge advocate Wixom. There clearly was no intention to consent to Kansas jurisdiction, although David may have inadvertently done so.

If the trial court never obtained jurisdiction over David, the judgment is void in its entirety and must be set aside under K.S.A. 60-260(b)(4) because it is a legal nullity. See *Barkley v. Toland*, 7 Kan. App. 2d 625, 630, 646 P.2d 1124, *rev. denied* 231 Kan. 799 (1982).

It is not necessary in our resolution of this case to base our ultimate decision solely on whether David made a general appearance because we hold the support order must be set aside for a different reason. We, therefore, hold David made a sufficient

appearance in Wyandotte County, Kansas, by his March 9, 1982, letter to submit to the jurisdiction of the court and entitle him to the required due process notice before a child support order could be entered against him.

*Is the failure to file a motion for and give David notice of the intention to take a default judgment fatal to the validity of the child support order?*

The record is clear that the trial court heard this matter on August 26, 1982, without any motion for default judgment being filed or a notice of the hearing being given as is required by K.S.A. 60-255.

K.S.A. 60-255 relates to matters in default and states:

"(a) *Entry.* Upon request and proper showing by the party entitled thereto, the judge shall render judgment against a party in default for the remedy to which the party is entitled. But no judgment by default shall be entered against a minor or incapacitated person unless represented in the action by a guardian, conservator or other legally authorized representative who has appeared in the action, or by a guardian *ad litem* appointed by the court. *If the party against whom judgment by default is sought has appeared in the action, he or she (or, if appearing by representative, his or her representative) shall be served with written notice of the application for judgment at least (3) days prior to the hearing on such application.* If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the state.

"(b) *Setting aside default.* For good cause shown the court may set aside a judgment entered by default in accordance with K.S.A. 60-260(b)." (Emphasis added.)

The filing of a written request for a bill of particulars in a divorce case was deemed an appearance entitling the defendant to three days' notice before a default judgment could be rendered against him. *Sharp*, 196 Kan. 38.

In *Jones v. Main*, 196 Kan. 91, 92, 410 P.2d 303 (1966), the issue was whether a party served with a garnishment who stated, "'As of this day, J.H. Main does not have any money due him from me,'" had made an appearance so as to be entitled to notice under K.S.A. 60-255(a). Justice Fronton stated:

"In his work, Kansas Code of Civil Procedure, annotated, Judge Gard, in commenting on the meaning of the section, says on page 254:

'. . . Appearance by the party in *any* fashion entitles him to notice three days in advance in taking judgment.' (Emphasis supplied.)

. . . .

"It seems to be generally accepted in those jurisdictions which have passed on statutes similar to ours that 'appearance' and 'answer' are not synonymous terms, an appearance being more comprehensive in its reach than an answer. In discussing the sense or purport of appearance, the New Jersey court in *In re Cool*, 19 N.J. Misc. 236, 18 A.2d 714, says:

'. . . The word "appearance" is defined in Webster's New International Dictionary (2d ed.) 1940, as meaning in law, "the coming into court of a party summoned in an action either by himself or by his attorney." Technically, there are several different kinds of methods of appearance. See *Am. Jur. Appearances*, § 1, &c. A default of *any* appearance by the defendant means a default in any one of several ways of making an appearance. " 'Any' applies to every individual part without distinction." *Styles v. Freeholders of Union*, 50 N.J.L. 9, 11. A party's conduct as well as other circumstances are to be considered in determining whether he has actually appeared. (p. 238)' " 196 Kan. at 93.

Although we recognized in *Simmon v. Bond*, 6 Kan. App. 2d 766, 634 P.2d 1148 (1981), that failure to file an answer is prima facie default, we held the trial court could not grant default judgment because the requisite three-day notice required by K.S.A. 60-255(a) had not been given. Our court also held that an oral motion made during the trial did not fall within the exception of K.S.A. 60-207(b)(1), which requires motions to be in writing. 6 Kan. App. 2d at 769. The law favors a trial upon the merits and looks with disfavor upon a default judgment. A default judgment was prohibited when the defendant had not been given proper notice.

*Hood v. Haynes*, 7 Kan. App. 2d 591, 644 P.2d 1371 (1982), held that a letter to the court requesting notice of any activity in a mortgage foreclosure action was deemed an "appearance" entitling the defendants to three days' notice before a default judgment could be rendered under K.S.A. 60-255. Chief Judge Foth gave heavy weight to the issue of whether the party had indicated an "intention to defend." An attempt was made to distinguish both *Sharp v. Sharp* and *Jones v. Main* as actions involving much more than a letter to the judge, but we held that "[m]any cases from other jurisdictions, however, find an 'ap-

pearance' on the basis of far less indication of an intention to defend than that found in Haynes' letter to the trial judge." 7 Kan. App. 2d at 595. We will not unduly lengthen this opinion by setting forth all of the cases cited in *Hood v. Haynes*, which clearly shows David's correspondence is sufficient to have required that notice be given to him before any default judgment could be entered.

*Wellsville Bank v. Sutterby*, 12 Kan. App. 2d 585, 588, 752 P.2d 700 (1988), involved an attempt to work out an agreement to avoid foreclosure of a defaulted loan. We assumed without holding that the execution of a new note constituted an "appearance." The bank's failure to give the required three-day notice of the hearing on the bank's application for a default judgment was not deemed to render the judgment void; however, Judge Six stated:

"[F]ailure to give the three days' notice justifies the setting aside of the default judgment. *Cf. Hood v. Haynes*, 7 Kan. App. 2d 591, 598, 644 P.2d 1371 (1982); 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2687 (1983). However, the default judgment entered without such notice is not void. *Winfield Associates, Inc. v. Stonecipher*, 429 F.2d 1087, 1091 (10th Cir. 1970); 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2687; accord, *Universal Modular Structures, Inc. v. Forrest*, 11 Kan. App. 2d 298, 302, 720 P.2d 1121 (1986). The trial court did not err in concluding that the default judgment was voidable."

We do not deem our factual situation to be sufficiently similar to require application of *Bazine State Bank v. Pawnee Prod. Serv., Inc.*, 245 Kan. 490, 781 P.2d 1077 (1989), *cert. denied* 110 S. Ct. 2173 (1990). In that case it was held that, although procedural due process requires a hearing before there is a permanent deprivation of property, an unresponsive defendant who had asked for many extensions and continuances in a mortgage foreclosure action was not entitled to have a judgment set aside. The trial court's refusal to do so was not considered to be an abuse of discretion requiring reversal.

We are on clear ground to hold, as a matter of law, that because the required notice mandated by K.S.A. 60-255(a) in order to take a default judgment was not given, the child support order is voidable.

Because K.S.A. 60-255(b) specifies the court may set aside the judgment entered by default for good cause shown in accordance with K.S.A. 60-260(b), it becomes necessary to examine those provisions to determine if the child support order should be set aside. K.S.A. 60-260(b) provides in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or said party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under K.S.A. 60-259(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken."

The applicable provision is K.S.A. 60-260(b)(6), which brings into consideration the requirement that the motion shall be made within a reasonable time.

Our recent case of *Wilson v. Wilson*, 16 Kan. App. 2d 651, Syl. ¶ 6, 827 P.2d 788 (1992), held that what constitutes a "reasonable time" for seeking relief from a judgment depends on the facts of each case, with relevant considerations including whether the parties have been prejudiced by the delay or whether good cause has been shown for failing to take action sooner.

Although we held in *Wilson* that a motion seeking an order that the movant was not the biological father was not filed within a reasonable time (he was advised by the trial court to do so six years before the filing of the motion and nine years after the divorce was granted), our factual situation here is materially different.

Here, David took prompt action to set aside the judgment once it became apparent that Elizabeth was attempting to enforce the child support order, although she did not do so for a period of seven years after the last payment was received from the military allotment. Elizabeth had the right to compel support payments under the Uniform Reciprocal Enforcement of Support Act, and

we hold that she may not, because of her failure to act, preclude our finding that David took action to set aside the judgment rendered without notice to him within a reasonable period of time.

We do not need to reach David's argument that the provisions of the Soldiers' and Sailors' Civil Relief Act, by themselves, require the judgment to be set aside because of our previous statements and holding herein. We are singularly unimpressed by the manner in which the hearing occurred and note that the act was directly violated when the judgment was entered. No affidavit was filed showing David was in the military service. No request was made and the trial court did not appoint an attorney to represent David and protect his interest, which is also required. The time within which each of these arguments should have been made has expired, and because David made no timely application for the protection of his rights under the Soldiers' and Sailors' Civil Relief Act, the act is not dispositive or applicable in this appeal. See 50 U.S.C. § 520 (1988).

For the reasons set forth herein, the judgment awarding Elizabeth child support from David is reversed.

DAVIS, J., concurring: I concur in the result. I am of the opinion that the letters sent by and on behalf of David M. Thompson to the district court in Kansas did not amount to a general appearance so as to confer personal jurisdiction over him in the divorce proceeding. Because the court had no personal jurisdiction over him, its child support order is unenforceable.

PIERRON, J., dissenting: The court's opinion well states the reasons why, in this factually difficult case, the defendant should be held to have made an entry of appearance. I dissent from the conclusion that the child support order was void.

Under K.S.A. 60-260(b) David could have moved to set aside the judgment as soon as he found out about it in April of 1983, but did not do so. At that time it was possibly voidable due to the defect in the notice of the default hearing. However, there is no indication that David's rights were violated in any significant way by proceeding with the default hearing. No contention is made that a proper three-day notice would have secured the attendance of David or counsel. At his request, the court had

already granted him a five-month continuance to August 15, 1983, which produced nothing in the way of activity on David's part.

David apparently left the military in September of 1983, but made no effort to challenge the outstanding court order until 1991.

The fact that the judgment of child support was voidable does not mean it was void. I would find the judgment is valid but remand the matter to the trial court for a determination of whether there has been a waiver of some or all of the support payments or whether laches might apply.